ANTHONY et al., Appellants, v. AMERICAN GLUCOSE CO., Respondent.

(Supreme Court, General Term, Fifth Department.　April 13, 1893.)

Action by Susan B. Anthony and another against the American Glucose Company.

No opinion.　Motion to amend order granted.　See 21 N. Y. Supp. 667.

---

BOLL v. STEAM-GAUGE & LANTERN CO.

(Supreme Court, General Term, Fifth Department.　April 13, 1893.)

Action by George Boll, administrator, etc., against the Steam-Gauge & Lantern Company.

No opinion.　Plaintiff's motion for a new trial denied, with costs, and judgment ordered for the defendant on the nonsuit, on the authority of Pauley v. Same Defendant, 131 N. Y. 90, 29 N. E. Rep. 999.

---

BUELL et al., Respondents, v. SICKLY, Appellant.

(Supreme Court, General Term, Fifth Department.　April 13, 1893.)

Action by George C. Buell and others against John W. Sickly, Jr.

No opinion.　Order appealed from affirmed, with $10 costs and disbursements.

---

CHARLES, Respondent, v. PRENTICE, Appellant.

(Supreme Court, General Term, Fifth Department.　April 13, 1893.)

Action by Herbert H. Charles against William W. Prentice, brought before a justice of the peace, and appealed by defendant for a new trial to the county court.

Argued before DWIGHT, P. J., and LEWIS, MACOMBER, and HAIGHT, JJ.

F. W. Brown, for appellant.
Elmer E. Charles, for respondent.

MACOMBER, J.　The action is brought to recover the value of labor performed and materials furnished by the plaintiff to the defendant in drilling a well for the latter, and also for the value of a pump sold by the plaintiff to the defendant, and for labor in setting the same.　The defense alleged, as part of the agreement between the parties, that the well should be drilled to a sufficient depth to obtain plenty of good and wholesome drinking water for the defendant's domestic purposes, and for such uses as a well is ordinarily put to upon a farm, and that in case of failure thereof the plaintiff was to have nothing for his services, or for the materials furnished in drilling the well.　Thence follows an averment that the plaintiff failed to fulfill his part of the contract, and did not drill such a well as was called for by the agreement, and that the well did not produce plenty of good and wholesome drinking water for the defendant's use. The case was tried before the county judge of Wyoming county and a jury, and all evidence adducible upon the questions in issue appears to have been given.　The charge of the learned judge stated the issues between the parties and the questions for the jury with distinctness and precision, and every question that was properly cognizable by the jury was turned over to them for their decision.　No exception was made to any portion of his charge, and no request by either party to add to it anything which the learned judge had failed to mention to the jury. It was therefore purely a question of fact; and the determination of the jury, which was in favor of the plaintiff in a verdict of $145.20, cannot be disturbed by us upon this appeal.　Some exceptions to the rejection of evidence appear in the record, but they are wholly without merit, and are worthy of no comment. Judgment appealed from should be affirmed.　Judgment of county court of Wyoming county appealed from affirmed, with costs.　All concur.